# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1316V
Filed: December 12, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JO-ANN DODD,                         *
                                     *
            Petitioner,              *
v.                                   *
                                     *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                  *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Kathy Brown, Kathy Brown Law, PLLC, Charleston, WV,* for petitioner.
*Althea Davis, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 4, 2015, Jo-Ann Dodd ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury caused by the influenza vaccine she received on November 5, 2013. Petition at 1, ¶ 22. On May 20, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 23).

On July 2, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 29). Petitioner requests attorneys' fees in the amount of $19,740.00 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $581.96 for a total amount of $20,321.96.  *Id.* at 1.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  *See* Petitioner's Statement of Payment of Costs, filed July 21, 2016 (ECF No. 32).

On July 21, 2016, respondent filed a response to petitioner's motion.  (ECF No. 33).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $14,000.00 to $16,000.00" but provides no basis or explanation for how she arrived at this proposed range.  *Id.* at 3.

On August 1, 2016, petitioner filed a reply.  (ECF No. 34).  Petitioner argues that the reduction proposed by respondent is unsubstantiated.  *Id.* at 1.  "Petitioner acknowledges the discretion of the Special Master in awarding attorneys' fees and costs, and urges that the Petitioner's original request be granted."  *Id.* at 2.

At the request of the petitioner, the OSM staff attorney conducted a telephonic status conference with the parties on December 9, 2016, to discuss the undersigned's concerns with petitioner's request.  *See* Minute Entry, dated Dec. 12, 2016.  Petitioner's counsel indicated petitioner would be willing to file an amended motion for attorneys' fees and costs.  Respondent's counsel indicated respondent would not require additional time to file a response but would stand by her original response, filed on July 21, 2016.

Petitioner filed her amended motion on December 12, 2016.  (ECF No. 35).  Petitioner requests attorneys' fees in the amount of $16,770.00[3] and attorneys' costs in the amount of $581.96 for a total amount of $17,351.96.  *Id.* at 1.  By email (copying respondent's counsel on the correspondence), petitioner's counsel confirmed that the statement indicating petitioner had no out-of-pocket expenses still was correct.  *See* Informal Remark, dated Dec. 12, 2016.

The undersigned has reviewed the billing records submitted with petitioner's second request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] This amount represents 53 hours of attorney work at a rate of $310 and 3.4 hours of work that was performed by petitioner's counsel but could have been performed by a paralegal at a rate of $100.

**Accordingly, the undersigned awards the total of $17,351.96[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Kathy Brown.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.